**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOAN HEFFINGTON, individually
and on behalf of Mark W. Heffington
(Deceased),

      Plaintiff - Appellant,

v.

PRESIDENT GEORGE W. BUSH;
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;
CATHERINE MITCHELL, D.O.;
ROGER THOMAS, D.O.;
TANGLEWOOD FAMILY
MEDICAL, P.A.; CHARLES W.
BECK, M.D.; WICHITA CLINIC,
P.A.; MICHAEL WILSON, M.D.; C.
WILSON WESTBROOK, M.D.;
JUSTIN REED, M.D.; MICHAEL G.
PORTER, M.D.; KANSAS MEDICAL
MUTUAL INSURANCE COMPANY,
also known as KaMMCO,

      Defendants - Appellees.

No. 09-3052
(D.C. No. 08-CV-04097-JAR-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

Plaintiff-Appellant Joan Heffington, appearing pro se, appeals the district court's judgment dismissing her action with prejudice. In essence, Ms. Heffington alleges various constitutional and state law claims against several governmental and private defendants, including the President of the United States and the Department of Homeland Security. Ms. Heffington claims that the various Defendants have conspired against her and her family members, causing her husband's wrongful death, attempting to bring about Ms. Heffington's death, and causing severe emotional distress. I R. Doc. 1 at 1-17. She contends that President George W. Bush issued a National Security Letter against her, in an attempt to stop her nonprofit activities "which exposed government fraud." I R. Doc. 1 at 6-7. Ms. Heffington brings claims under the Fourth, Fifth and Sixth amendments to the United States Constitution, as well as the Foreign Intelligence Surveillance Act. I R. Doc. 1 at 13-14. She further raises state law claims of wrongful death and various other torts.

Subject matter jurisdiction is lacking over the federal claims, as it is apparent that those claims are barred either by the discretionary function

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

exception or by the failure to exhaust Federal Tort Claim Act administrative remedies. See 28 U.S.C. §§ 2401(b), 2680(a) & (h), 2675. A constitutional claim for damages against the President or federal agencies is barred by absolute immunity and sovereign immunity, respectively. F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994) (federal agencies); Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) (President). The federal claims are insubstantial and would not support supplemental jurisdiction (nothing suggests that the private defendants acted under color of state law), nor is there complete diversity. See Hagans v. Lavine, 415 U.S. 528, 536-43 (1974); United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1220 (10th Cir. 2000). Accordingly, having properly determined that subject matter jurisdiction is lacking, the district court's dismissal should have been without prejudice. See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94-95 (1998).

Accordingly, we DISMISS this appeal for lack of subject matter jurisdiction and REMAND to the district court to vacate its order and judgment and dismiss this action without prejudice for lack of subject matter jurisdiction. Furthermore, we DENY Ms. Heffington's request to proceed IFP.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 3 -